UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNIDEV, L.L.C.**                                                                 **CIVIL ACTION**

**VERSUS**                                                                         **NO. 05-2649**

**THE HOUSING AUTHORITY OF NEW**                                                   **SECTION "T" (1)**
**ORLEANS, CARMEN VALENTI,**
**CATHERINE LAMBERG, LORI MOON**
**AND JUSTIN ORMSBY, RECEIVER**

### ORDER AND REASONS

Before the Court is Defendants' Motion to Strike Plaintiffs' Jury Demand. Rec. Doc. 42. Plaintiffs filed an Opposition. Rec. Doc. 52. The Motion came for hearing, with oral argument, on February 20, 2008, and was taken under submission. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

**I.     BACKGROUND**

This action involves a dispute between Unidev, LLC as well as its members, James Edmondson (hereinafter, Edmondson) and Myron P. Curzan (hereinafter, Curzan) and the Housing Authority of New Orleans (hereinafter, HANO) as well as four of HANO's officers, relating to the redevelopment of the C.J. Peete housing project. The instant Motion requests the Court strike Plaintiffs' jury demand as untimely.

Unidev, LLC, filed this matter on June 28, 2005, asserting causes of action for: (1) breach of contract, (2) appointment of an independent mediator to resolve the dispute; and (3) bad faith and tortious interference with contract. Rec. Doc. 1 at pp. 15, 22, 24. The original complaint did not request a jury demand and Unidev, LLC did not make demand within ten days of the filing of the Complaint.

HANO answered Unidev's Complaint on August 8, 2005 and asserted a counterclaim for: (1) breach of contract and (2) return of monies previously paid to Unidev, LLC under the principle of payment of a thing not owed. HANO did not request a jury in its answer or in its counterclaim.

The individual defendants filed responsive pleadings on December 20, 2005 (Lori Moon); and December 19, 2006 (Valenti, Lamberg, Ormsby). Neither answer requested a trial by Jury. *See* Rec. Docs. 8, 30.

Unidev, LLC, answered HANO's counterclaim on September 12, 2006 and requested a "trial by jury in connection with these issues as well as the issues and causes of action raised in the Original Complaint filed on behalf of Unidev." Rec. Doc. 20 at paragraph 18. Unidev, LLC amended its Complaint on December 4, 2006, adding as Plaintiffs Edmonson and Curzan. The First Amended Complaint alleges causes of action under Sections 42 U.S.C. §§ 1981 and 1983 by Unidev, Edmundson and Curzan as well as a cause of action pursuant to LSA-CCP art. 2324 for civil conspiracy. Rec. Doc. 28 at pp. 10, 12, and 13. The First Amended Complaint provides that "Plaintiff is entitled to trial by jury." Rec. Doc. 28 at p. 14.

Defendants filed this Motion arguing that the jury demand made in Unidev, LLC's answer to HANO's counterclaim on September 12, 2006 and the jury demand made by all Plaintiffs in the First Amended Complaint on December 4, 2006 should be stricken because they are both untimely under FRCP 38 and the jurisprudence interpreting that rule. Rec. Doc. 28 at pp. 3-5. Plaintiffs counter that jury demand in the First Amended Complaint is timely under FRCP 38 because Judge Fallon granted Plaintiff leave to amend the lawsuit to formally assert a claim under 42 U.S.C § 1983. Plaintiff so amended in December 2006 and in that First Amended Complaint requested a jury trial.

Rec. Doc. 52 at pp. 1-2. Accordingly, Plaintiffs request the Motion to Strike be denied.[1]

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 38 provides, in pertinent part:

Rule 38. Right to a Jury Trial; Demand

> (a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate.
>
> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).
>
> (c) Specifying Issues. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may--within 10 days after being served with the demand or within a shorter time ordered by the court--serve a demand for a jury trial on any other or all factual issues triable by jury.
>
> (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

The plain reading of this statute requires that a jury demand be served within ten days after service of the last pleading directed to such issue. In *Matter of Texas General Petroleum Corp.* 52 F.3d 1330, *1339 (5th Cir. 1995), the U.S. Fifth Circuit found that the last pleading in Rule 38 usually means an answer or a reply to a counterclaim. *Citing McCarthy v. Bronson*, 906 F.2d 835, 840 (2nd Cir.1990), aff'd, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991). In the *Matter of*

---

[1] Plaintiffs' counsel noted at oral argument that she had not remembered that she had requested a jury trial on behalf of her clients in the response to the counterclaim. Upon being apprised by the Court of doing so, Counsel argued that her clients' jury request in that pleading should be further evidence that demand was timely made.

*Texas* case, the party did not file an answer and jury demand to the original complaint, but rather filed his answer after the first amended complaint.  Because the party filed his jury demand with his original answer, he did not waive his right to jury trial, even though he filed his answer almost seven months after being served with the original complaint.  In the *McCarthy* case relied upon in *Matter of Texas*, Plaintiff contended that he was entitled to a jury trial and never waived this right.  The District Judge denied *McCarthy* a jury on the ground that he had not made a timely demand, pointing out that the initial complaint did not claim a jury and that the second amended complaint, making the demand, added no new substantive allegations.  The Second Circuit disagreed finding that the Civil Rules require a demand for jury trial on an issue no later than ten days "after the service of the last pleading directed to such issue."  Fed.R.Civ.P. 38(b).  The "last pleading directed to an issue" is not the pleading that raises the issue, it is the pleading that contests the issue.  Normally, that pleading is an answer, or, with respect to a counterclaim, a reply.  *Id. citing* 5 Moore's Federal Practice ¶ 38.39[2], at 38-367 (2d ed. 1988).  Since no answer was filed to either the original complaint or the first amended complaint  and the answer to the second amended complaint (which contained a jury demand) was filed after the plaintiff had made a jury demand, the Court found that there was no waiver by reason of a late demand.

As to the allegations in the Original Complaint against HANO and Moon, the last pleading directed to such issue were the Answers by HANO and Moon.  HANO's answer was filed August 8, 2005 and Dr. Moon's answer was filed December 20, 2005.  The jury demand on the issues raised in the Original Complaint as to HANO and Moon was untimely as it was not filed with the Complaint and not filed within tens days of the last pleading directed to those issues, i.e. by August 18, 2005 or December 30, 2005, respectively.  The first jury demand as to the issues raised in the

4

Original Complaint was filed with Unidev, LLC's answer to the counterclaim on September 12, 2006. Accordingly, the September 2006 jury demand on the issues raised in the Original Complaint as to HANO and Moon are untimely.

As to Defendants Valenti, Lamberg and Ormsby, their answer to the Original Complaint, i.e. the last pleading directed to the issue of their liability, was filed on December 19, 2006. By that time, Plaintiff had requested a jury trial on all issues, including those in the Original Complaint directed to these Defendants. *See* Rec. Doc. 20 at p. 5. Accordingly, Plaintiffs are entitled to a jury trial on the issues raised in the Original Complaint against Valenti, Lamberg and Ormbsy as such was timely requested.

Unidev, LLC did not waive its trial by jury on the issues presented in HANO's counterclaim. The last pleading directed to the issues raised in the counterclaim would be Unidev's answer to that counterclaim. In the answer to the counterclaim, Unidev, LLC requested a trial by jury on those issues. Therefore, the jury demand on the issues raised in the counterclaim is timely.

The next issue is whether the jury demand requested in the First Amended Complaint is timely. Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint. If the original complaint is subsequently amended, the right to demand a jury trial is revived **only if the amendment changes the issues**. *Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc.*, 440 F.2d 765, 769 (2d Cir. 1971)(emphasis added). Accordingly, this Court must decide whether the First Amended Complaint raises "new issues" or simply restates issues raised in the Original Complaint. *See Guajardo v. Estelle* 580 F.2d 748, 752 -753 (5th Cir. 1978).

A complaint "raises an issue" only once within Rule 38(b)'s meaning when it introduces it

for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial. *Connecticut General Life Insurance Co. v. Breslin,* 332 F.2d 928 (5th Cir. 1964). The term "new issues" has been interpreted to mean new issues of fact and not new theories of recovery. *Guajardo,* 580 F. 2d at 753 (citations omitted). New issues are not raised unless they are "in any material way different from those presented by the original [complaint]." *Connecticut Gen. Life Ins. Co.*, 332 F.2d at 931. One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute. If the factual allegations underlying the two claims are the same or if the issues turn on the same matrix of facts the issues are the same. It is both the similarity of facts and the similarity of the matrix-the legal framework in which the facts are analyzed-that makes issues the same. On the other hand, slight modifications in facts or in legal theories presented will not usually render issues different. *Gallardo v. Gulf South Pipeline Co., L.P.* 2005 WL 1309156, *2 (E.D.La.,2005)(Engelhardt, J) *citing In re N-500L Cases*, 691 F.2d 14, 23 (1st Cir.1982).

Plaintiffs' First Amended Complaint does not allege new facts and/or new issues. The First Amended Complaint alleges a cause of action under section 1983, section 1981 and alleges civil conspiracy. The First Amended Complaint also adds the individuals, Edmondson and Curzan as Plaintiffs. However, the factual allegations underlying the causes of action raised in the Original Complaint are the same as those alleged and expounded upon in the First Amended Complaint. The allegations of fact have not changed since the time Plaintiff filed suit evidenced by the First Amended Complaint simply rehashing events that began in 1997 and continued through 2005.[2] The

---

[2] The Court is aware that one of the issues raised in the Motion for Judgment on the Pleadings is Prescription. The Court in no way is making any determination as to the actual time of the cause of action in this matter accrued for purposes of prescription but merely makes the observation here that the Original and First Amended Complaint refer to the same time lines and sequence of events without raising any new information.

causes of action in the Original Complaint turn on the same matrix of facts as the causes of action alleged in the First Amended Complaint.

The Court rejects Plaintiffs' argument that because Judge Fallon ordered amendment that the First Amended Complaint is the last pleading directed to that issue. Judge Fallon ordered amendment because the Original Complaint asserted conclusory allegations that the HANO Defendants committed violations of Section 1983. Rec. Doc. 27 at p. 14. Prior to dismissing Plaintiffs section 1983 causes of action, Judge Fallon believed that it was appropriate to allow amendment to allege with specificity the pattern or practice and improper motive which constitutes constitutional deprivations by the HANO Defendants under 42 U.S.C. § 1983. Rec. Doc. 14. It is clear from Judge Fallon's opinion that section 1983 claims are not "new issues" and therefore, the clarification on the section 1983 claims brought in the First Amended Complaint are not in any material way different from those presented by the Original Complaint. It is also clear to this Court after reviewing both the Original and Amended Complaints that the section 1981 and civil conspiracy actions are based upon the same conduct and concerns the same general area of dispute.

Accordingly, as to HANO and Moon, the last pleading directed to the issues raised in the Original and First Amended Complaint were their respective answers filed August 8, 2005 and December 20, 2005, respectively. When no jury trial was requested within ten days of these answers, under FRCP 38 the right to a jury trial was waived as to all issues against these Defendants and such right was not revived by the First Amended Complaint.

In summary, Plaintiffs timely requested a jury trial on their counterclaim and timely requested a jury trial as to the issues raised against Valenti, Lamberg and Ormsby. As to issues

---

Accordingly, this ruling shall have no bearing and shall not constitute a "judicial admission" on any prescription or other issue.

raised in the Original and First Amended Complaint relative to HANO and Moon, the jury demand was untimely.

The Court discussed with the parties at oral argument FRCP 39(b) which provides:

Rule 39(b) states:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.

The decision to grant a FRCP 39(b) motion is discretionary. A district court generally should grant a Rule 39(b) motion to permit a jury trial "**in the absence of strong and compelling reasons to the contrary**." *Swofford v. B & W, Inc*., 336 F.2d 406, 408 (5th Cir.1964), *cert. denied* , 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965)(emphasis added).

The Seventh Amendment's provision of jury trials is a fundamental right and "maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care .... Thus, courts should indulge every reasonable presumption against waiver." *McDonald v. J. Steward*, 132 F.3d 225, 229 (5th Cir.1998) (quotations omitted). A late request for a trial by jury should be received unless **there are persuasive reasons to deny it.** *Daniel International Corp. v. Fischbach & Moore, Inc*., 916 F.2d at 1064

In the *Daniel* case, *the Fifth Circuit provided the following factors for district courts to* consider in the exercise of discretion under Rule 39(b): (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length

of the delay in having requested a jury trial; (5) the reason for the movant's tardiness in requesting a jury trial.

At oral argument, the Court discussed with counsel FCRP 39 and the issues which arise when such a Motion is filed. The Court declined additional briefing on the FRCP 39 issue and Plaintiffs' counsel acknowledged that relief under this article is requested. After reviewing the record, the Court finds that the issues raised in the Original and First Amended Complaint against HANO and Moon are issues which are best tried by a Jury. Allowing the entire case, as opposed to certain sections or issues in the case, to proceed before a jury would not disrupt the Court's schedule and may add a day or so to the trial time. Accordingly, the second Daniel factor weighs in favor of a jury. There is not any prejudice to the adverse party in allowing the jury as to all issues because the jury would be chosen to hear the issues related in the counterclaim and on the demands made against Valenti, Ormsby, and Lamberg. Defense counsel would have to prepare for a jury trial on the issues as to these defendants and adding HANO and Moon does not result in prejudice. The time delay in requesting the jury trial was approximately sixteen months from the date the original action was filed and no reason has been given to the Court for such delay. While this factor weighs in favor of denying a jury demand, the Court does not believe that defendants have met their burden in demonstrating any persuasive reasons to deny the Plaintiffs their constitutional right to a trial by jury.

For the foregoing reasons, the Court exercises its discretion and allows Plaintiffs to have a trial by jury on all the merits of their claims and on Defendants' counterclaim.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike Jury Demand, Rec. Doc. 42, is **DENIED.**

New Orleans, Louisiana this 21st day of February, 2008.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**